317 Ga. 700
FINAL COPY

S23A1137.  THOMAS v. THE STATE.

COLVIN, Justice.

Appellant Larry Edward Thomas appeals his convictions for felony murder in connection with the vehicular deaths of Krystof Krawczynski and Elizbieta Gurtler-Krawczynski.[1]  On appeal,

_____

[1] The car crash occurred on January 28, 2016. On April 20, 2016, a Gwinnett County grand jury charged Appellant and his son, Jesse Cole Thomas ("Jesse"), in a 23-count indictment.  Appellant was charged with six counts of felony murder (Counts 1-6), six counts of homicide by vehicle (Counts 7-12), fleeing or attempting to elude a police officer (Count 13), serious injury by vehicle (Count 14), driving under the influence of a controlled substance (Count 22), and driving under the influence of drugs less safe (Count 23).  The grand jury also charged both Appellant and Jesse with conspiracy to commit a crime (Count 15), trafficking methamphetamine (Count 16), trafficking heroin (Count 17), possession of marijuana with intent to distribute (Count 18), possession of cocaine (Count 19), possession of lysergic acid diethylamide (Count 20), and possession of a firearm or knife during commission of a felony (Count 21).  Jesse entered a guilty plea to the drug charges prior to trial and testified for the State at Appellant's trial.

Before Appellant's trial, Counts 17 and 20 were nol prossed.  At a jury trial held from April 25 through May 5, 2022, the trial court granted Appellant's motion for directed verdict as to Counts 3, 4, 15, 16, and 21.  The jury found Appellant guilty of felony murder (Counts 1-2), homicide by vehicle (Counts 7-12), fleeing or attempting to elude a police officer (Count 13), serious injury by vehicle (Count 14), possession of marijuana, as a lesser included offense of possession of marijuana with intent to distribute (Count 18), and

Appellant contends that the trial court erred in sentencing him for two counts of felony murder (Counts 1 and 2) rather than for two counts of homicide by vehicle (Counts 7 and 8) because both sets of charges were predicated on fleeing or attempting to elude a police officer, and thus the rule of lenity required that he receive the lesser penalty. See *Peacock v. State*, 314 Ga. 709, 723 (5) (878 SE2d 247) (2022) (explaining that, when statutes establish "different punishments for the same offense," creating ambiguity as to which penalty applies, the rule of lenity requires that the court resolve the ambiguity "in favor of the defendant, who will then receive the lesser

driving under the influence (Counts 22-23).

On May 5, 2022, the trial court sentenced Appellant to consecutive terms of life in prison for Counts 1 and 2 (felony murder), and concurrent prison terms of ten years, 12 months, one year, and 12 months for Counts 14, 18, 19, and 22 (serious injury by vehicle, possession of marijuana with intent to distribute, possession of cocaine, and driving under the influence of a controlled substance), respectively. The court vacated by operation of law Counts 7-12 (homicide by vehicle) and merged for sentencing purposes Count 13 (fleeing or attempting to elude a police officer) with Counts 1 and 2 (felony murder), and Count 23 (driving under the influence of drugs less safe) with Count 22 (driving under the influence of a controlled substance).

Appellant timely filed a motion for new trial on May 6, 2022, and amended it through new counsel on February 7, 2023. Following a hearing on February 10, 2023, the trial court denied the amended motion for new trial on May 17, 2023. Appellant timely filed a notice of appeal directed to this Court on June 1, 2023. This appeal was docketed to this Court's August 2023 term and submitted for a decision on the briefs.

2

punishment" (citation and punctuation omitted)). For the reasons that follow, Appellant's claim fails.

The indictment charged Appellant with one count of felony murder for each of the two victims (Counts 1 and 2). See OCGA § 16-5-1 (c) ("A person commits the offense of murder when, in the commission of a felony, he or she causes the death of another human being irrespective of malice."). Each count of felony murder was predicated on fleeing or attempting to elude a police officer as alleged in Count 13, which charged *felony* fleeing or eluding in violation of former OCGA § 40-6-395 (b) (5) (A). See former OCGA § 40-6-395 (b) (5) (A) (i)-(iii) (2012) (providing that a driver commits felony fleeing or eluding a police officer if, "while fleeing or attempting to elude a pursuing police vehicle or police officer" in violation of OCGA § 40-6-395 (a), the driver, among other things, "[o]perates his or her vehicle in excess of 20 miles an hour above the posted speed limit," "[s]trikes or collides with another vehicle or a pedestrian," or "[f]lees in traffic conditions which place the general

3

public at risk of receiving serious injuries").[2]  Appellant was also charged with one count of first-degree homicide by vehicle for each of the two victims (Counts 7 and 8).  See OCGA § 40-6-393 (a) (providing that a person commits the offense of homicide by vehicle in the first degree if he or she, "without malice aforethought, causes the death of another person through the violation of" certain enumerated traffic offenses, including a violation of OCGA § 40-6-395 (a)).  Each first-degree homicide-by-vehicle count was predicated on *misdemeanor* fleeing or attempting to elude a police officer in violation of OCGA § 40-6-395 (a).  See OCGA § 40-6-395 (a) (providing that a "driver of a vehicle" is guilty of fleeing or attempting to elude a police officer if he or she "willfully . . . fail[s] or refuse[s] to bring his or her vehicle to a stop or otherwise . . . flee[s] or attempt[s] to elude a pursuing police vehicle or police officer when given a visual or audible signal to bring the vehicle to a stop"); OCGA

---

[2] The version of the statute enacted in 2012 applied when Appellant committed the offenses in 2016.  The statute was amended in 2022.  In 2022, "this subparagraph was redesignated as subsection (c), and additional aggravating factors were included."  *Sosebee v. State*, 317 Ga. 424, 428 (1) n.6 (893 SE2d 653) (2023); see Ga. L. 2022, p. 100, § 1.

§ 40-6-395 (b) (1) (2012) (providing that a violation of OCGA § 40-6-395 (a) is a misdemeanor).

On appeal, Appellant contends that "[t]he rule of lenity applies because — as indicted — a single offense has been criminalized by two different statutory provisions, one of which provides for a lesser punishment than the other." Specifically, Appellant argues that the felony-murder counts (Counts 1 and 2) and the homicide-by-vehicle counts (Counts 7 and 8) criminalized the same offense of killing the victims during the commission of fleeing or attempting to elude a police officer.

This argument, however, is foreclosed by our recent decision in *Sosebee v. State*, 317 Ga. 424, 426 (1) (893 SE2d 653) (2023) (rejecting the appellant's rule-of-lenity argument, where he contended that, "'as indicted[,]' the statute defining felony murder and the statute defining homicide by vehicle in the first degree impose 'different punishments for identical criminal conduct'"). As we explained in *Sosebee*, the felony-murder and homicide-by-vehicle statutes "are not ambiguous and do not require different

punishments for the same conduct" because "[t]he offense of felony murder . . . criminalizes causing the death of a human being 'in the commission of a felony,' but the offense of homicide by vehicle in the first degree under OCGA § 40-6-393 (a) does not." Id. at 427 (1) (footnote omitted). Elaborating on that point, we explained that homicide by vehicle under OCGA § 40-6-393 (a) "criminalizes causing the death of another person through [a] violation of . . . [OCGA §] 40-6-395 (a)," which "is a misdemeanor," whereas felony murder predicated on felony fleeing or eluding criminalizes causing the death of another person in the commission of "[f]elony-level fleeing under former OCGA § 40-6-395 (b) (5) (A), which . . . has elements in addition to those required to prove a violation of misdemeanor fleeing under OCGA § 40-6-395 (a)." Id. at 427-428 (1). Accordingly, as in *Sosebee*, "[t]he rule of lenity simply has no application in this case, and this claim of error fails." Id. at 430 (1).

*Judgment affirmed. All the Justices concur.*

Decided November 7, 2023.

Murder. Gwinnett Superior Court. Before Judge Mason.

*G. Richard Stepp*, for appellant.

*Patsy Austin-Gatson, District Attorney, Clifford L. Kurlander, Lee F. Tittsworth, Assistant District Attorneys; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Senior Assistant Attorney General, Chelsea S. Harvey, Clint C. Malcolm, Assistant Attorneys General*, for appellee.